IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

SHERRY NUCKLES                                              PLAINTIFF

vs.                           No. 4-06 CV-0178 WRW

WAL-MART STORES, INC.                              DEFENDANT

## ANSWER

Defendant Wal-Mart Stores, Inc. ("Wal-Mart"), for its answer to Plaintiff's Complaint, states as follows:

1. Answering Paragraph 1 of Plaintiff's Complaint: Wal-Mart admits that jurisdiction is proper in this Court.

2. Answering Paragraph 2 of Plaintiff's Complaint: Wal-Mart admits that venue is proper in this Court and that it has stores in this judicial district, but is without knowledge or information sufficient to form a belief as to the truth of the remaining averments and consequently denies same.

3. Answering Paragraph 3 of Plaintiff's Complaint: Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the averments and consequently denies same.

4. Answering Paragraph 4 of Plaintiff's Complaint: Wal-Mart admits that jurisdiction and venue are proper in this Court, but denies the remaining averments.

5. Answering Paragraph 5 of Plaintiff's Complaint: Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the averments and consequently denies same.

6.   Answering Paragraph 6 of Plaintiff's Complaint:   Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the averments and consequently denies same.

7.   Answering Paragraph 7 of Plaintiff's Complaint:   Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the averments and consequently denies same.

8.   Answering Paragraph 8 of Plaintiff's Complaint:   Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the averments and consequently denies same.

9.   Answering Paragraph 9 of Plaintiff's Complaint:   Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the averments and consequently denies same.

10.   Answering Paragraph 10 of Plaintiff's Complaint:   Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the averments and consequently denies same.

11.   Answering Paragraph 11 of Plaintiff's Complaint:   Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the averments and consequently denies same.

12.   Answering Paragraph 12 of Plaintiff's Complaint:   Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the averments and consequently denies same.

13.     Answering Paragraph 13 of Plaintiff's Complaint:   Wal-Mart denies the averments.

14.     Answering Paragraph 14 of Plaintiff's Complaint:   Wal-Mart denies the averments.

15.     Answering Paragraph 15 of Plaintiff's Complaint:   Wal-Mart denies the averments.

16.     Answering Paragraph 16 of Plaintiff's Complaint:   Wal-Mart denies the averments.

17.     Answering Paragraph 17 of Plaintiff's Complaint:   Wal-Mart denies the averments.

18.     Answering Paragraph 18 of Plaintiff's Complaint:   Wal-Mart denies that Plaintiff is entitled to the relief sought.

19.     Wal-Mart denies that Plaintiff is entitled to the relief sought in her prayer for relief.

20.     Wal-Mart acknowledges that Plaintiff has requested a jury trial.

21.     Wal-Mart denies any averments in Plaintiff's Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

22.     Plaintiff's Complaint must be dismissed to the extent her claims, either in whole or in part, fail to state a claim upon which relief can be granted.

23.     Plaintiff's Complaint must be dismissed to the extent it is barred by the applicable statutes of limitation, the doctrine of laches, or the doctrine of estoppel.

24. Plaintiff's Complaint must be dismissed for failure to join a party indispensable under Rule 19.

25. Plaintiff's Complaint must be dismissed to the extent her alleged copyright registration is not valid.

26. Plaintiff's Complaint must be dismissed to the extent the alleged infringement constitutes fair use.

27. Without admitting any infringement, Wal-Mart reserves the right to rely on the defense of innocent infringement.

28. Plaintiff's claim for punitive damages must be dismissed because said damages are not available for copyright infringement.

29. Plaintiff's claims for statutory damages and attorney fees must be dismissed because the alleged infringement occurred before the alleged registration of the copyright.

30. To the extent Plaintiff is making a claim under state law, her claims should be dismissed because they are preempted by federal law.

31. Plaintiff's Complaint must be dismissed to the extent it is barred by the doctrine of comparative fault or, alternatively, any award of damages should be reduced by the doctrine of comparative fault.

WHEREFORE, Defendant Wal-Mart Stores, Inc., requests that:

1. Plaintiff's Complaint be dismissed with prejudice;

2. Defendant be awarded reasonable attorneys' fees and costs; and

3. Any other relief to which the Defendant may be entitled.

_/s/ Kristi M. Moody_
Kristi M. Moody (95164)
Wright, Lindsey & Jennings LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
Telephone: (501) 371-0808
Fax: (501) 376-9442
Email: kmoody@wlj.com

Eva C. Madison (98183)
Wright, Lindsey & Jennings LLP
903 North 47th Street, Suite 101
Rogers, Arkansas 72756
Telephone: (479) 986-0888
Fax: (479) 986-8932
Email: emadison@wlj.com

Attorneys for Defendant Wal-Mart Stores, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Charles Daniel Hancock
Hancock, Lane & Barrett, P.A.
300 Spring Street, Suite 400
Little Rock, AR 72201
danhancock50@hotmail.com

Kent R. Walker
Walker Law Firm
300 Spring Street, Suite 220
Little Rock, AR 72201
kent@walkerlawfirm.us

_/s/ Eva C. Madison_

5