IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**SHERRY NUCKLES**                                                                                          **PLAINTIFF**

VS.                                                          **4:06CV00178-WRW**

**WAL-MART STORES, INC.**                                                                  **DEFENDANT**


Pending are the following motions filed by Plaintiff: Motion to Quash,[1] Motion for Leave to Take Deposition Outside the Discovery Period,[2] Motion to Continue,[3] Motion for a More Definite Statement, and Motion to Strike.[4]  Defendant filed timely responses to Plaintiff's Motions,[5] to which Plaintiff replied.[6]

## I.  Background

This is a copyright action.  A jury trial is set in this matter for January 22, 2007.[7]  The discovery cut-off date was September 29, 2006.  On October 13, 2006, a telephone conference

---

[1]Doc. No. 19.

[2]Doc. No. 31.

[3]Doc. No. 33.

[4]Doc. No. 34.

[5]Doc. No. 36 (Response in Opposition for Order for Leave to Take Depositions); Doc. No. 38 (Response in Opposition to Motion for Continuance); Doc. No. 40 (Response in Opposition for More Definite Statement and to Motion to Strike).

[6]Doc. No. 37 (Reply to Response to Motion to Take Deposition); Doc. No. 41 (Reply to Response to Motion for More Definite Statement and Motion to Strike).

[7]Doc. No. 11.

was held to settle a dispute between the parties and an Order[8] was entered allowing additional time to depose Eric Cockrell and the plaintiff.  On October 25, 2006, Defendant filed a Motion for Summary Judgment.[9]  The pending motions listed above were filed  in response to Defendant's Motion for Summary Judgment.  Plaintiff asserts that she is entitled to additional discovery, and a continuance so that she can respond to the Defendant's Motion.

## II.  Authority

If a party believes that she needs additional time for discovery, Fed. R. Civ. P. 56(f) specifies the procedure to be followed.  Rule 56(f) grants a court discretion to deny summary judgment or order a continuance when the nonmovant submits an affidavit alleging that she possesses insufficient facts to oppose a summary judgment motion.[10]  The crux of Rule 56(f) is that "summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to [her] opposition."[11] The nonmoving party, however, must expressly invoke Rule 56(f)'s protections and must satisfy certain requirements.[12] The nonmovant must submit an affidavit "identifying the probable facts not available and what steps have been taken to obtain these facts and must explain how additional time will enable her

---

[8]Doc. No. 26.

[9]Doc. No. 28.

[10]Fed. R. Civ.P. 56(f) specifically states: "Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

[11]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[12]*Price ex.  Rel. Price v. W.  Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000).

to rebut movant's allegations of no genuine issue of fact."[13]  Most courts that have applied Fed. R.Civ. P. 56(f) agree that filing an affidavit is crucial to a contention that summary judgment should be delayed pending further discovery.[14] A lawyer's unverified arguments in a memorandum does not comply with Rule 56(f).[15]  "The purpose of the affidavit is to ensure that the nonmoving party is invoking the protections of Rule 56(f) in good faith and to afford the trial court the showing necessary to assess the merit of a party's opposition."[16]  Attorney advocacy cannot be substituted for a Rule 56(f) affidavit.[17]

## III. Discussion

Plaintiff is asking to extend the discovery deadline.   The request comes after, and in lieu of, a response to Defendant's Motion for Summary Judgment.   Plaintiff complains that she has not been given the opportunity to depose witnesses that are crucial to her case, and requests a continuance to respond to the Motion for Summary Judgment.

Plaintiff must comply with the requirements of Rule 56(f) before obtaining permission to conduct additional discovery.  She must submit the proper affidavit explaining why a ruling on the Motion for Summary Judgment should be delayed in order to conduct additional discovery, and what efforts she made to secure the evidence, she now says she needs, in order to adequately

---

[13]*Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992).

[14]*Mid-South Grizzlies v. National Football League*, 720 F.2d 772, 780 (3d Cir. 1983), *cert. denied,* 467 U.S. 1215 (1984). *See also Gray v. Udevitz*, 656 F.2d 588, 592 (10th Cir. 1981); *Thi-Hawaii v. First Commerce Financial Corp.*, 627 F.2d 991, 994 (9th Cir. 1980); *Falcone v. Columbia Pictures Indus., Inc.*, 805 F.2d 115, 117 (3d Cir. 1986).

[15]*Radich v. Goode*, 886 F.2d 1391, 1393-95 (3d Cir. 1989).

[16]*First Chicago Int'l v. United Exch. Co. Ltd.*, 836 F.2d 1375, 1380 (D.C.Cir. 1988).

[17]*Radich*, 886 F.2d at 1395.

oppose Defendant's Motion.

**IV. Conclusion**

Plaintiff's Motion for Order to Extend the Discovery Deadline is DENIED; Plaintiff's Motion for a Continuance is DENIED; Plaintiff's Motion to Quash was addressed in the October 13, 2006 Order and is DENIED as moot; Plaintiff's Motion for a More Definite Statement is DENIED and Plaintiff's Motion to Strike is DENIED.

Plaintiff must file either a Response to the Motion for Summary Judgment, or a Rule 56(f) Motion and affidavit by 5:00 p.m., Monday, December 18, 2006.

IT IS SO ORDERED this 28th day of November, 2006.


/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE