IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

SHERRY NUCKLES                                                        PLAINTIFF

VS.                          NO.  4:06CV-0178 WRW

WAL-MART STORES, INC.                                                 DEFENDANT

## MOTION TO IMPOSE SANCTIONS AGAINST DEFENDANT WAL-MART PURSUANT TO RULE 37 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Comes now Plaintiff, through her attorneys, and for her motion to impose sanctions against defendant Wal-Mart Pursuant to Rule 37 of the Federal Rules of Civil Procedure, states and alleges the following:

1. Mrs. Nuckles alleges in her Complaint that Wal-Mart is liable for copyright violations involving the photocopying of her professional photographs.

2. The alleged violations occurred in the Searcy Wal-Mart in May of 2003.

3. Defendant Wal-Mart, by and through its counsel, has engaged in a transparent, willful, and deliberate exercise to thwart Plaintiff's discovery efforts.

4. Defendant Wal-Mart, by and through it counsel, has exercised bad faith in engaging in discovery in the instant case.

5. Wal-Mart identified Teresa Buck and Angela Scarborough in its initial disclosures as persons having knowledge of the

allegations in the instant case; no telephone number or address was given by Wal-Mart for Buck or Scarborough.

    6.    Wal-Mart learned of the telephone number and address of Angela Buck in October of 2006.

    7.    In or before October of 2006, Wal-Mart's counsel prepared and had Mrs. Buck sign a written statement as to her involvement in the instant case; Mrs. Buck's testimony is that she copied Plaintiff's professional photographs at the Wal-Mart in Searcy, Arkansas, using the Kodak Picture Maker.

    8.    Wal-Mart failed to supplement its initial disclosures with the address and phone number of Angela Buck as required by Federal Rule of Civil Procedure 26(e)(1); as of the drafting of this motion Wal-Mart has still not supplemented the address and phone number of Mrs. Buck.  In essence, Mrs. Buck's contact information was willfully withheld by Wal-Mart to avoid liability even though it had a duty to supplement her address and phone number.

    9.    Wal-Mart's failure to supplement its initial disclosures with the address and phone number of Angela Buck (an essential witness), pursuant to Federal Rule of Civil Procedure 26(e)(1), caused Plaintiff significant additional costs and fees in locating this witness, thwarted discovery, and left the Plaintiff in a position where she had to request a continuances of the case on October 27, 2006, and December 29, 2006.

10. On January 3, 2007, Wal-Mart filed a Response in Opposition to Mrs. Nuckles request for a continuance.

11. In paragraph four of Wal-Mart's Response in Opposition to a Continuance Mrs. Madison stated that Angela Buck and Teresa Scarborough were not named as witnesses by the Plaintiff in her initial disclosures; that statement was dishonest.

12. Mrs. Madison filed Initial Disclosures on behalf of Wal-Mart on June 6, 2006, naming Angela Buck and Teresa Scarborough as witnesses that may have knowledge about the allegations in the Complaint.

13. On June 9, 2006, Mrs. Nuckles filed her Initial Disclosures naming in part "Each and every witness named and listed in the Defendant's Initial Disclosures".

14. The averments to the Court (Motion in Opposition of Plaintiff's Request for a Continuance of the Trial) by Madison that Buck and Scarborough were not initially disclosed as witnesses by the Plaintiff were misleading, and could have lead to an unfavorable disposition.

15. Wal-Mart identified Ed Sweeden as the photo lab district manager over the Searcy, Arkansas, Wal-Mart store.

16. Mr. Sweeden verified that he answered Plaintiff's first set of Interrogatories and Request for Production on behalf and as a representative of Wal-Mart.

17. Mr. Sweeden quit working for Wal-Mart on September 15, 2006.

18. On September 26, 2006, Wal-Mart supplemented its initial disclosures indicating that Ed Sweeden had quit; naming Mike Schubert as an individual with knowledge of Wal-Mart's copyright policies and the policies and procedures regarding the Kodak Picture Maker.

19. Based on a conversation with Mr. Sweeden in November 2006 in which he indicated to undersigned counsel that as part of his severance package with Wal-Mart he agreed to be available for depositions and trials, On March 14, 2007, undersigned counsel sent a letter to Eva Madison requesting that Ed Sweeden be made available for deposition.

20. On March 16, 2007, Mrs. Madison responded that she could not make Mr. Sweeden available pursuant to a notice.

21. Subsequently, Mr. Sweeden was subpoenaed to attend a deposition on March 21, 2007.

22. During his deposition on March 21, 2007, Mr. Sweeden testified that as a part of his severance package he agreed to be available for trial and depositions; including the March 21, 2007, deposition taken by undersigned counsel.

23. Plaintiff had to expend undue costs and fees in an effort to depose Ed Sweeden.

24. During his deposition on March 21, 2007, Mr. Sweeden stated that he asked Mrs. Madison to represent him on the same day he appeared for the deposition.

4

25. Although Mr. Sweeden was not represented by an attorney and was not working at Wal-Mart between September 15, 2006, and March 21, 2007, Mrs. Madison made a attorney-client privilege objection when Sweeden was asked to discuss his conversations with her between September 15, 2006, and March 21, 2007.

26. As a result of this unfounded objection Plaintiff has sent a good-faith letter requesting that Mr. Sweeden be made available to be re-deposed to discuss the non-privileged communications.

27. As a result of this unfounded objection, Plaintiff will have to expend undue costs and fees in an effort to re-depose Mr. Sweeden.

28. Wal-Mart agreed to the deposition of Mike Schubert On March 26, 2007.

29. On March 23, 2007, Wal-Mart unilaterally cancelled the deposition scheduled for Mike Schubert.

30. On March 23, 2007, undersigned counsel, because of the actions of Mrs. Madison, was placed in a position to notice, subpoena and schedule Mr. Schubert for April 2, 2007, for a deposition; the last day to depose Mr. Schubert under the Court's order.

31. Plaintiff's counsel allowed the depositions of Eric Cockrell, Sherry Nuckles, and Ed Sweeden to take place at his

office in Little Rock; these were all done on convenient dates and at convenient times for Mrs. Madison.

32. Plaintiff's counsel requested to take the deposition of Mr. Schubert (employed in Bentonville, Arkansas) at the office of defense counsel, Littler Mendelson in Fayetteville, Arkansas; a nationwide firm with over six-hundred attorneys and forty-one offices.

33. Plaintiff's counsel was advised that the deposition of Mr. Schubert could not take place at defense counsel's office; alternatively, Mrs. Madison suggested that undersigned counsel procure a conference room at a rate of two-hundred fifty dollars to take the deposition of Mike Schubert.

34. To make things convenient for Mr. Shubert, undersigned counsel procured a room at the Benton County Courthouse in Bentonville, Arkansas, in which to take the deposition of Mr. Schubert on April 2, 2007.

35. Defense counsel again complained to the Court that neither she nor Mr. Summers was available on April 2, 2007.

36. This Court held a telephone conference on March 30, 2007, and set the deposition of Mr. Schubert on April 15, 2007, at the offices of defense counsel in Fayetteville, Arkansas.

37. As proof in its Motion for Summary Judgment Wal-Mart prepared a declaration from Mr. Schubert.

38. On March 30, 2007, after the Court's ruling to take the deposition of Schubert on April 15, 2007, Mrs. Madison sent a

letter to undersigned counsel stating that she was withdrawing Mr. Schubert's name as a witness in this case.

39. On April 9, 2007, Mrs. Madison sent a letter to undersigned counsel stating that Mr. Schubert was not a company representative.

40. In Mr. Schubert's declaration (to support Wal-Mart's Motion for Summary Judgment) dated October 25, 2006, Mr. Schubert indicates that he is speaking on behalf of the company and he has knowledge of Wal-Mart's copyright policies; he also declares that he is familiar with the Kodak Picture Maker.

41. Wal-Mart's declaration that Mr. Schubert is not a company representative is disingenuous; it is another willful attempt to thwart Plaintiff's discovery efforts.

42. On July 12, 2006, Ed Sweeden answered and verified Plaintiff's Interrogatories and Request for Production Propounded to Wal-Mart.

43. Throughout Wal-Mart's answers to Plaintiff's Interrogatories Mr. Sweeden answers "Wal-Mart has no knowledge of any alleged incident as set forth in the Complaint".

44. Throughout Mr. Sweeden's deposition testimony Mr. Sweeden testified that not only did he know about the allegations in the Complaint in May or June of 2003, but he investigated the allegations and made statements about the allegations that were recorded on audiotape.

45. Defendant has not supplemented its answers to Plaintiff's Interrogatories Propounded to Wal-Mart.

45. The willful and deliberate discovery violations, and fraud perpetrated on the Court is such a serious nature to justify a harsh result.

46. Defendant has failed to participate in the discovery process in good faith.

47. Defendant knowingly failed to supplement its Initial Disclosures regarding the address and phone number of Angela Buck in violation of Federal Rule of Civil Procedure 26(e).

48. Defendant knowingly failed to supplement its Responses to Plaintiff's Interrogatories regarding the knowledge Wal-Mart had of the allegations in the Complaint.

49. Defendant and its agents should be sanctioned in accordance with Federal Rule of Civil Procedure 37(c)(1) and Rule 37(b)(2)(A),(B),(C).

**WHEREFORE** Plaintiff prays that the Court grant her Motion for Sanctions Pursuant to Rule 37 of the Federal Rules of Civil Procedure and impose against Wal-Mart and/or its representatives Cost and Attorneys Fees, Strike the Answer of Wal-Mart and enter a Judgment of Default in favor of the Plaintiff, Strike and/or Deny Wal-Mart's Pending Motion to Reconsider Opening Discovery, or in the alternative to allow the jury to hear of the non-disclosures, bad faith, and untruthfulness on behalf of Wal-Mart.

Respectfully Submitted,

**HANCOCK, LANE & BARRETT**

300 Spring St., Ste. 400  
Little Rock, Arkansas 72201  
501-372-6400  
501-372-6401 facsimile  
Hancock@hlblawfirm.com

By: /s/Charles D. Hancock  
    Charles D. Hancock  
    Bar No. 2001022

**CERTIFICATE OF SERVICE**

A copy of the foregoing has been sent via electronic case management filing on April 18, 2007, to the following:

Eva Madison

Scott Summers

Kent Walker

/s/ Charles D. Hancock  
Charles D. Hancock