IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**SHERRY NUCKLES**                                                                                      **PLAINTIFF**

**VS.**                                                     **4:06CV00178-WRW**

**WAL-MART STORES, INC.**                                                                 **DEFENDANT**

## ORDER

Plaintiff requested production of twelve personnel files of Defendant's current and former employees. After a telephone conference, the parties were directed to file supplemental briefs on the issue.[1] Also pending are Plaintiff's motions to clarify whether she may informally contact Defendant's current employees,[2] and to amend her Complaint.[3]

**I. Background**

This is a copyright action. Plaintiff alleges that Defendant violated copyright laws by photocopying her professional photographs. According to Plaintiff, the wrongful conduct occurred in a Wal-Mart store in Searcy, Arkansas.

A jury trial is set for August 21, 2007. After reviewing the above pleadings and letter briefs, and considering the arguments of counsel, I find:

---

[1] Doc. No. 65.

[2] Doc. No. 60.

[3] Doc. No. 64.

1

**II. Findings**

    **1. Personnel Files**

Defendants are directed to provide the 12 requested personnel files, with the following conditions: (1) there must be a protective order or confidentiality order, which I have approved, before the files are produced; (2) all medical and personal information of the employee must be redacted. By personal information, I mean information such as the employee's address, phone number, driver's license number, and social security number.

There is a strong public policy against the public disclosure of personnel files,[4] but discovery of personnel files is permitted when there is a protective order or confidentiality order in place. A party may discover personnel files of employees whose action or inaction has a direct bearing on the Plaintiff's claims or Defendant's affirmative defenses.[5] However, a plaintiff cannot obtain the entire personnel file because of the possibility that there is something in it that may prove his case.[6] A proper balance between the privacy interests of non-parties, and the discovery interests of a litigant, assures that only relevant portions of the personnel files are open to disclosure.[7]

---

[4] *Blount v. Wake Elec. Membership Corp.*, 162 F.R D. 102, 105-06 (E.D. N.C. 1993).

[5] *Cason v. Builders FirstSource-Southeast Group, Inc.*, 159 F. Supp. 2d 242, 247 (W.D. N.C. 2001); *Barfoot v. Boeing Co*, 184 F.R.D. 642, 644 (N.D. Ala. 1999).

[6] *MacIntosh v. Building Owners and Managers Ass'n Int'l*, 231 F. R. D. 106, 108-09 (D. D.C. 2005); *Onwuka v. Fed. Express Corp.*, 178 F.R.D. 508, 517 (D. Minn. 1997).

[7] *MacIntosh*, 231 F.R.D. at 108-09.

**2. Contact with Employees**

Plaintiff seeks to informally contact current hourly employees of the Defendant: Sharon York, Betty Helvering, Donna Rivera, and Marilyn Brown. These are Wal-Mart employees who worked in the photography department of the Searcy Wal-Mart.

Plaintiff may depose these hourly employees, but may not engage in informal conversation with them, unless they are no longer employed by Defendant. Defendant must make current employees available for deposition.

Contact with Defendant's hourly employees is governed by Rule 4.2 of the Model Rules of Professional Conduct, which prohibits contact by an attorney with represented parties. Comment seven to Rule 4.2 applies to employees of an organization. Plaintiff points out that comment seven has been amended. However, the amended comment does not alter the three instances where informal contact is forbidden. Under the test set out in this comment, a defendant's employee is considered to be represented by the defendant's lawyer if: (1) she has managerial responsibility in the defendant's organization; (2) her acts or omissions can be imputed to the organization for purposes of civil or criminal liability; or (3) her statements constitute admissions by the organization.[8]

Clearly, these four employees are not managers, but they did work as agents of Wal-Mart in the department where the alleged violation took place. Because the named employees work in this department, their conduct may be imputed to Defendant. Therefore, they are considered

---

[8]*Weibrecht v. Southern Illinois Transfer, Inc.*, 241 F.3d 875 (7th Cir. 2001).

represented by Defendant's attorney. If, however, they are no longer employed by Wal-Mart, they may be contacted.[9]

### 3. Motion to Amend

Plaintiff may amend her Complaint to conform to the evidence. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given." The Eighth Circuit has added that "absent a good reason for denial -- such as undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the nonmoving party, or futility of amendment -- leave to amend should be granted."[10] There is no evidence of undue delay or bad faith.

## III. Conclusion

Defendant must produce the personnel files of the twelve current employees subject to the conditions set out above. Plaintiff may not informally contact the current employees of Defendant, and Plaintiff's Motion to Clarify (Doc. No. 60) is DENIED as MOOT. Defendant is directed to timely produce these witnesses for deposition. Plaintiff's Motion to Amend (Doc. No. 64) is GRANTED. The Amended Complaint must be filed no later than 5:00 p.m., Friday, May 16, 2007.

IT IS SO ORDERED 10th day of May 2007.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[9] *Orlowski v. Dominick's Finer Foods, Inc.*, 937 F. Supp. 2d 723 (N.D. Ill. 1996) (holding that, even though former employees may reveal damaging information, Rule 4.2 is not applicable).

[10] *Thompson-El v. Jones*, 876 F.2d 66, 67 (8th Cir. 1989).