IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**SHERRY NUCKLES**                                                               **PLAINTIFF**

**VS.**                              **No.  4:06CV00178 WRW**

**WAL-MART STORES, INC.**                                                        **DEFENDANT**

## ORDER

Pending is Plaintiff's Motion to Compel,[1] and for Sanctions[2] to which Defendant has responded.[3] Also pending is Defendant's Motion for a Protective Order[4] to which Plaintiff has responded.[5] A telephone conference was held on April 26, 2007, to settle a dispute over Plaintiff's entitlement to a 30(b)(6) deposition on Defendant's financial records.

### I. Background

Plaintiff alleges that Defendant violated copyright laws by photocopying her professional photographs.

Plaintiff asks for an order compelling disclosure of previous copyright infringement actions filed against Defendant. Plaintiff also asks that Mr. Ed Sweeden ("Sweeden"), a former Wal-Mart employee, be compelled to reveal the content of conversations between himself and Defense counsel. Defendant responds that Plaintiff's interrogatory concerning other copyright

---

[1] Doc. No. 71.

[2] Doc. No. 66.

[3] Doc. Nos. 77, 78.

[4] Doc. No. 55.

[5] Doc. No. 57.

1

actions is overly broad, unduly burdensome, and seeks irrelevant information. Despite these objections, Defendant offers to disclose information on copyright actions involving the Kodak Picture Maker. Defendant asserts that conversations between its attorney and Sweeden are protected by the attorney-client privilege.

Plaintiff also asks for sanctions arguing that Defendant engaged in "a transparent, willful and deliberate exercise to thwart Plaintiff's discovery efforts." Plaintiff maintains that Defendant : (1) deliberately failed to supplement its answers to interrogatories; (2) refused to make Sweeden available for depositions, forcing Plaintiff to spend money to subpoena him; (3) made unfounded objections during Sweeden's deposition; and (4) deliberately delayed the deposition of another company employee.

Defendant states that it was not obligated to supplement interrogatories with the phone number and address of a witness it did not intend to call at trial. Defendant further states that its actions were not deliberate, but were the result of circumstances beyond its control. Finally, Defendant maintains that it did not make unfounded objections.

## II. Standard of Review

Discovery matters are within the inherent power and broad discretion of a trial court.[6] Discovery rulings are reviewed for *gross* abuse of discretion.[7] The same is true with respect to sanctions.[8]

## III. Authority

### A. The Scope of Discovery

Rule 26 of the Federal Rules of Civil Procedure should not to be interpreted "to deprive a party of discovery that is reasonably necessary to afford a fair opportunity to develop and prepare the case."[9] The scope of discovery requires mutual disclosure of each party's evidence before trial.[10]

Rule 26 authorizes discovery of "any matter, not privileged, that is relevant to the claim or defense of any party."[11] It also authorizes a trial court to expand its scope by ordering the discovery of any facts relevant to the *subject matter* involved in the action.[12]

---

[6]*Sylla-Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 280 (8th Cir. 1995) (holding that the appellate court "will not interfere with the great latitude exercised by the district court in discovery matters").

[7]*Toghiyany v. AmeriGas Propane, Inc.*, 309 F.3d 1088, 1093 (8th Cir. 2002) (emphasis added).

[8]*United States v. Pugh*, 445 F.3d 1066, 1068 (8th Cir. 2006).

[9]*Trevion v. Celanese Corp.*, 701 F.2d 397, 405 (5th Cir. 1983).

[10]*Hickman v. Taylor*, 329 U.S. 495, 507 (1947).

[11]Fed. R. Civ. P. 26(b)(1).

[12]*Id.* (emphasis added).

The information sought during discovery in a civil case need not be admissible at trial and only should be reasonably calculated to lead to discovery of admissible evidence.[13] The relevance standard for discovery is necessarily broad in scope, in order to encompass any matter that bears on or could lead to other matters that relate to *any issue that is or may be in the case*.[14]

It is well established that a party's previous conduct is relevant and can be discovered.[15] But, the scope of discovery is usually limited to a reasonable number of years.[16] The majority of courts have held that five years before the first violation is a reasonable time frame for discovery.[17]

### B.  Attorney-Client Privilege

The question of whether a corporation's former employee is a represented party is governed by Rule 4.2 of the Model Rules of Professional Conduct.[18] This Rule prohibits lawyers from talking with represented parties.  Comment 7 of Rule 4.2 pertains to organizations and states:

---

[13] *Flanagan v. Travelers Ins. Co.*, 111 F.R.D. 42 (W.D. N.Y. 1986).

[14] *Eastman Kodak Co. v. Camarata*, 238 F.R.D. 372 (W.D. N.Y. 2006) (emphasis added).

[15] *Frank Betz Associates, Inc., v. Jim Walter Homes, Inc.*, 226 F.R.D. 533 (D. S.C. 2005) (holding that an architectural firm, alleging copyright infringement, could discover other complaints to establish that the defendant had engaged in a plan, pattern, or practice of copying designs).

[16] *James v. Newspaper Agency Corp.*, 591 F.2d 579 (10th Cir. 1979) (4 years); *General Ins. Co. v. EEOC*, 491 F.2d 133 (9th Cir. 1974) (8 years held excessive); *Lyoch v. Anheuser-Busch Co.*, 164 F.R.D. 62, 67 (E.D. Mo. 1995) (4 years); *Milner v. Nat'l Sch. of Health Tech.*, 73 F.R.D. 628, 632 (E.D. Pa. 1977) (5 years prior to alleged violation); *Cormier v. PPG Indus.*, 452 F. Supp. 594 (W.D. La. 1978) (5 years).

[17] *Lyoch*, 164 F.R.D. at 67.

[18] Arkansas adopted the American Bar Association's Model Rules of Professional Conduct, and the comments, including comment 7 to Rule 4.2.

4

> In the case of a represented organization, this Rule prohibits communications with a constituent of the organization who supervises, directs or regularly consults with the organization's lawyer concerning the matter or has authority to obligate the organization with respect to the matter or whose act or omission in connection with the matter may be imputed to the organization for purposes of civil or criminal liability. *Consent of the organization's lawyer is not required for communication with a former constituent.*[19]

Under the Rule, a lawyer may have *ex parte* conversation with an organization's former employees. However, such contact is still subject to the attorney-client privilege.

Even though the attorney-client privilege cannot be used to justify a ban on talking with former employees -- the privilege can be used to protect the content of a conversation, if it involves confidential subject-matter. In fine, while a lawyer can contact a former employee, there are restrictions on what can be asked.[20]

**C. Relevancy of Defendant's Financial Statements**

Punitive damages are not available for copyright infringement. The Copyright Act[21] sets out what can be recovered for copyright infringement, and it contains no provision for punitive damages.[22] Moreover, the statute's preemption clause prevents states from adding such damages for an act that is identical to a violation of the statute.[23]

---

[19] Arkansas Rules of Prof'l Conduct R. 4.2, cmt. 7 (emphasis added).

[20] *Cram v. Lamson & Sessions Co., Calon Division*, 148 F.R.D. 259 (S.D. Iowa 1993); *Palmer v. Pioneer Hotel & Casino*, 19 F. Supp. 2d 1157, 1167 (D. Nev. 1998); *Smith v. Kalamazoo Ophthalmology*, 322 F. Supp. 2d 883 (W.D. Mich. 2004).

[21] 17 U.S.C. §§ 101-1332.

[22] 17 U.S.C. § 504; *Hays v. Sony Corporation of America*, 847 F.2d 412 (7th Cir. 1988) (abrogated on other grounds); *Nintendo of Am., Inc. v. Aeropower Co., Ltd.*, 34 F.3d 246, 251 (4th Cir. 1994) (holding that copyright statute does not authorize treble damages); *On Davis v. The Gap, Inc.*, 246 F.3d 152 (2d Cir. 2001).

[23] 17 U.S.C. § 301(a); *Bucklew v. Hawkins, Ash, Baptie & Co., LLP.*, 329 F.3d 923 (7th Cir. 2003).

Under the Copyright Act, "the copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and *any profits of the infringer that are attributable to the infringement* and are not taken into account in computing the actual damages."[24]

**IV. Findings**

After reviewing the pleadings, briefs, and arguments of counsel, I find:

1. Plaintiff is entitled to discover information about previous legal actions that involved allegations of copyright infringement. Such information is relevant to Plaintiff's recovery of damages for willful violation of the Copyright Act.[25] Defendant must produce this information covering a period of 5 years before June 2003.[26]

2. Even though Sweeden is no longer employed by Defendant, Plaintiff is not entitled to question him about the content of his conversations with Defense counsel. Sweeden managed the photocopy department where the alleged infringement took place, and, before Sweeden left, he helped with defense preparations. In view of this, the content of Sweeden's conversations with Defense counsel are protected by the attorney-client privilege.

3. Plaintiff is not entitled to a broad range of information about Defendant's financial status. Punitive damages cannot be awarded for copyright infringement. Therefore, such an inquiry is not designed to lead to the discovery of relevant information. The only relevant

---

[24] 17 U.S.C. § 504(b) (emphasis added); *Pfanenstiel Architects, Inc. v. Chouteau Petroleum Co.*, 978 F.2d 430 (8th Cir. 1992).

[25] 17 U.S.C. § 504(c)(2) (allowing the court in its discretion to increase damages where it is proved that the violation was willful).

[26] Doc. No. 1 (Plaintiff alleges that Defendant committed copyright infringement in June 2003.).

information is financial records related to this alleged infringement -- nothing more.  Defendant must produce a 30(b)(6) deponent to provide a June 2003 financial report from the subject store's photocopy department.

       4.  Plaintiff has not shown that discovery delays were deliberately designed to thwart the process.  However, because of the continuing disputes in this case, the scope of discovery is expanded to any matter that is relevant to the *subject matter* of this claim.  The parties should err on the side of disclosure, and reveal all information that could lead to the discovery of relevant facts.

       5.  Defendant's Motion for a Protective Order and to Quash is moot because of this Order, and the Order filed May 10, 2007.[27]

## V. Conclusion

Plaintiff's Motion for Sanctions (Doc. No. 66) is DENIED; Plaintiff's Motion to Compel (Doc. No. 71) is GRANTED in part and DENIED in part; Plaintiff's verbal motion for disclosure of financial information is GRANTED.  Defendant must produce relevant financial information, as defined in my finding.

       IT IS SO ORDERED this 25th day of May 2007.

                                         /s/ Wm. R.Wilson,Jr.
                                         UNITED STATES DISTRICT JUDGE

---

[27] Doc. No. 80.