**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

SHERRY NUCKLES                                                                                      PLAINTIFF

vs.                                         No. 4-06 CV-0178 WRW

WAL-MART STORES, INC.                                                                      DEFENDANT

**CONFIDENTIALITY ORDER**

Whereas the parties to this action ("parties") have stipulated that certain personnel documents of non-parties are and should be treated as confidential, and have requested that the Court enter a confidentiality order; and the Court has determined that the terms set forth herein are appropriate to protect the respective interests of the parties, the public, and the Court; accordingly, it is this 25th day of May, 2007, ORDERED:

1. **Scope.**  All personnel documents produced in the course of discovery will be subject to this Order as set forth below.

2. **Form and Timing of Designation.**  Confidential documents will be designated by placing the word "CONFIDENTIAL" on the document, or by redacting information. Documents will be designated CONFIDENTIAL prior to, or contemporaneously with, the production or disclosure of the personnel files. An inadvertent or unintentional production of documents without prior designation as confidential will not be deemed a waiver, in whole or in part, of the right to designate documents as confidential as otherwise allowed by this Order.

3. **Documents Which May be Designated Confidential.**  Before designating documents as confidential, or before redacting information, Defense counsel must certify that the designation was done in good faith, using the form attached at Attachment A.  Which will be subject to the standards of Rule 11 of the Federal Rules of Civil Procedure.

4. **Protection of Confidential Material.**

    a. **General Protections.** Documents designated CONFIDENTIAL under this Order will not be used or disclosed by the parties or counsel for the parties or any other persons identified below (¶ 4.b.) for any purposes whatsoever other than preparing for and conducting the litigation in which the documents were disclosed (including any appeal of that litigation).

    b. **Limited Third Party Disclosures.** The parties and counsel for the parties will not disclose or permit the disclosure of any documents designated CONFIDENTIAL under the terms of this Order to any other person or entity except as set forth in subparagraphs (1)-(5) below, and then only after the person to whom disclosure is to be made has executed an acknowledgment (in the form set forth at Attachment B), that he or she has read and understands the terms of this Order and is bound by it. Subject to these requirements, the following categories of persons may be allowed to review documents which have been designated CONFIDENTIAL based on this Order:

        (1) counsel and employees of counsel for the parties who have responsibility for the preparation and trial of the lawsuit;

        (2) parties and employees of a party to this Order but only to the extent counsel will certify that the specifically named individual party or employee's assistance is necessary to the conduct of the litigation in which the information is disclosed;

        (3) court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

      (4)      consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit; and

      (5)      other persons only upon consent of the producing party or upon Order of the Court and on such conditions as are agreed to or ordered.

      c.      **Control of Documents.**   Counsel for the parties will take reasonable efforts to prevent unauthorized disclosure of documents designated as Confidential based on the terms of this Order. Counsel will maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

      d.      **Copies.**   All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies"), of documents designated as Confidential under this Order or any portion of such a document, will be immediately affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy. All such copies will be afforded the full protection of this Order.

5.      **Filing of Confidential Materials.**   In the event a party seeks to file any material that is subject to protection under this Order with the Court, that party will take appropriate action to insure that the documents receive proper protection from public disclosure including: (1) filing a redacted document with the consent of the party who designated the document as confidential; (2) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the documents solely for *in camera* review; or (3) where the preceding measures are not adequate, seeking permission to file the document under seal. Absent extraordinary

circumstances making prior consultation impractical or inappropriate, the party seeking to submit the document to the Court will first consult with counsel for the party who designated the document as confidential to determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection. This duty exists irrespective of the duty to consult on the underlying motion. Nothing in this Order may be construed as a prior directive to the Clerk of Court to allow any document be filed under seal.

6. **Greater Protection of Specific Documents.** No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an Order providing such special protection.

7. **Challenges to Designation as Confidential.** Any CONFIDENTIAL designation is subject to challenge. The following procedures will apply to any such challenge.

a. The burden of proving the necessity of a Confidential designation remains with the party asserting confidentiality.

b. A party who contends that documents designated CONFIDENTIAL are not entitled to confidential treatment will give written notice to the party who affixed the designation of the specific basis for the challenge. The party who so designated the documents will have fifteen (15) days from service of the written notice to determine if the dispute can be resolved without judicial intervention and, if not, to move for an Order confirming the Confidential designation.

c. Notwithstanding any challenge to the designation of documents as confidential, all material previously designated CONFIDENTIAL will continue to be treated as subject to the full protections of this Order until one of the following occurs:

      (1)    the party who claims that the documents are confidential withdraws such designation in writing;

      (2)    the party who claims that the documents are confidential fails to move timely for an Order designating the documents as confidential as set forth in paragraph 7.b. above; or

      (3)    the Court rules that the documents should no longer be designated as confidential information.

    d.    Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

8.    **Treatment on Conclusion of Litigation.**

    a.    **Order Remains in Effect.**  All provisions of this Order restricting the use of documents designated CONFIDENTIAL will continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered.

    b.    **Return of CONFIDENTIAL Documents.**  Within thirty (30) days after the conclusion of the litigation, including conclusion of any appeal, all documents treated as confidential under this Order, including copies as defined above (¶4.d.) will be returned to the producing party unless: (1) the document has been entered as evidence or filed (unless introduced or filed under seal); (2) the parties stipulate to destruction in lieu of return; or (3) as to documents containing the notations, summations, or other mental impressions of the receiving party, that party elects destruction.  Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product including an index which refers or relates to information designated

CONFIDENTIAL so long as that work product does not duplicate verbatim substantial portions of the text of confidential documents. This work product continues to be Confidential under the terms of this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose the confidential documents.

9. **Order Subject to Modification.** This Order will be subject to modification on motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order. The Order will not, however, be modified until the parties will have been given notice and an opportunity to be heard on the proposed modification.

10. **No Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein will be construed or presented as a judicial determination that any specific document or item of information designated as CONFIDENTIAL by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling will have been made.

11. **Persons Bound.** This Order will take effect when entered and will be binding upon all counsel in this action and their respective law firms and clients.

IT IS SO ORDERED this 29th day of May, 2007.

/s/ Wm. R.Wilson,Jr.
UNITED STATES DISTRICT JUDGE

**ATTACHMENT A**

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

SHERRY NUCKLES                                                                                    PLAINTIFF

vs.     No. 4-06 CV-0178 WRW

WAL-MART STORES, INC.                                                                      DEFENDANT

**CERTIFICATION BY COUNSEL
OF DESIGNATION OF INFORMATION AS CONFIDENTIAL**

　　　　Documents produced herewith **[whose bates numbers are listed below (or) which are listed on the attached index]** have been marked as CONFIDENTIAL subject to the Confidentiality Order entered in this action which Order is dated _____, 2007.

　　　　By signing below, I am certifying that I have personally reviewed the marked documents and believe, based on that review, that they are properly subject to protection under the terms of Paragraph 3 of the Confidentiality Order.

　　　　Check and complete one of the two options below.

　　　　___     I am a member of the Bar of the United States District Court for the Eastern District of Arkansas.  My District Court Bar number is _____.

　　　　___     I am not a member of the Bar of the United States District Court for the Eastern District of Arkansas but am admitted to the bar of one or more states.  The state in which I conduct the majority of my practice is _____ where my Bar number is _____.  I understand that by completing this certification I am submitting to the jurisdiction of the United States District Court for the District of Arkansas as to any matter relating to this certification.


_____                                         _____
Date                                                                                       Signature of Counsel

                                                                                                   _____
                                                                                                   Printed Name of Counsel

**ATTACHMENT B**

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

SHERRY NUCKLES                                                                                              PLAINTIFF

vs.     No. 4-06 CV-0178 WRW

WAL-MART STORES, INC.                                                                                DEFENDANT

**ACKNOWLEDGMENT OF UNDERSTANDING AND
AGREEMENT TO BE BOUND**

      The undersigned hereby acknowledges that he or she has read the Confidentiality Order dated_____, 2007, in the above captioned action, understands the terms thereof, and agrees to be bound by such terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Arkansas in matters relating to the Confidentiality Order and understands that the terms of said Order obligate him/her to use discovery materials designated CONFIDENTIAL solely for the purposes of the above-captioned action, and not to disclose any such confidential information to any other person, firm or concern.

      The undersigned acknowledges that violation of the Stipulated Confidentiality Order may result in penalties for contempt of court.

      Name:             _____

      Job Title:         _____

      Employer:       _____

      Business Address:         _____

                                       _____

                                       _____

Date: _____         _____
                                            Signature

**ATTACHMENT C**

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

SHERRY NUCKLES                                                                                       PLAINTIFF

vs.      No. 4-06 CV-0178 WRW

WAL-MART STORES, INC.                                                                     DEFENDANT

**CERTIFICATION OF COUNSEL OF NEED
FOR ASSISTANCE OF PARTY/EMPLOYEE**

Based on the Confidentiality Order entered in this action, most particularly the provisions of Paragraph 6.b.2., I certify that the assistance of _____ _____ is reasonably necessary to the conduct of this litigation and that this assistance requires the disclosure to this individual of information which has been designated as CONFIDENTIAL.

I have explained the terms of the Confidentiality Order to the individual named above and will obtain his or her signature on an "Acknowledgment of Understanding and Agreement to be Bound" prior to releasing any confidential documents to the named individual, and I will release only such confidential documents as are reasonably necessary to the conduct of the litigation.

The individual named above is:

___    A named party;

___    An employee of named party _____. This employee's

job title is _____ and work address is _____

_____.

Date: _____          _____
                                                              Signature